ELIZABETH JETTER, *et vir*, v. PETER S. HALEY.

·196 So. 421
Division B
Opinion Filed May 24, 1940

232

*Jerry J. Sullivan,* for Appellants;

*Philip D. Beall, Jr.,* for Appellee.

PER CURIAM.—In a bill of complaint brought by Elizabeth Jetter and her husband, Mack Jetter, against Peter S. Haley, it is in effect alleged that Benjamin H. Haley died September 11, 1930, leaving as his sole surviving heir at law his wife, Lola Haley; that defendant, Peter S. Haley, was not the legal son or heir at law of Benjamin H. Haley, who at his death owned described property which passed by law to his widow, Lola Haley, now deceased; that on February 12, 1938, Lola Haley departed this life, leaving a will which was duly admitted to Probate;

"That * * * Peter S. Haley represented and led your Complainants to believe that he was a legal son and heir at law of Benjamin H. Haley, deceased, and that Lola Haley, deceased, had only a life estate in the property of Benjamin H. Haley, deceased. The Complainants relying upon such information and advice executed a deed quit claiming their interest to Peter S. Haley for the West 58 feet of Lots 1 to 5 inclusive in Block 99 of the East King Tract in the City of Pensacola. * * * that the said deed * * * hereto attached contains statements that are not true, to-wit: That Peter S. Haley was a son and heir at law of Benjamin H. Haley, deceased. That Lola Haley held only a life estate in the property. That Peter S. Haley was and is the owner. That Complainant, Elizabeth Jetter, as the Executrix of the Estate of Lola Haley, deceased, has possession, custody and control of all the property of said estate, both

real and personal, including the property described in Exhibit 'B' attached hereto. That no consideration has been paid Complainant, Elizabeth Jetter, for said deed by the Defendant, Peter S. Haley.

"That the said quit claim deed was executed through misrepresentation, misinformation and misunderstanding, which never would have been done if the true facts were known to Complainants at the time of the execution of said deed. That Complainants have sought to have the said Peter S. Haley execute a deed back to the said Complainant, Elizabeth Jetter, but he declines and refuses to do so. That Complainants are forced to seek relief in this Court in and by this Bill of Complaint to have said deed adjudged null and void and of no force or effect. Complainants ask that an order be so made and that the Clerk of the Circuit Court be instructed and directed to mark upon the margin of the deed record where said deed is recorded that the same has been adjudged null and void and of no force or effect."

By answer it is averred that "Peter S. Haley * * * is in truth and in fact the legal son and heir at law of the said deceased. Defendant admits that Benjamin H. Haley, deceased, at the time of his demise owned certain property described in the bill of complaint, but denies that the fee simple interest in said property passed by the law of inheritance to his wife, Lola Haley, now deceased, but alleges that said Lola Haley had only a life estate in said premises during her life time, and that at the time of her death the remainder of said property passed in fee simple to the defendant.

"Defendant admits that on the 12th day of February, 1938, the said Lola Haley departed this life, leaving a last will and testament which was duly admitted to probate in Escambia County, Florida, and defendant alleges that at

the time of her death said Lola Haley was not the owner of any interest in any property whatever, and that in and by said will she attempted to pass and devise certain interest in the property described in the bill of complaint herein which she did not own.

"Defendant * * * denies that the plaintiffs in reliance upon his advising them that he was the legal son and heir at law of Benjamin H. Haley and that Lola Haley, deceased, had only a life estate in the property of said Benjamin H. Haley, deceased, executed a quit claim deed releasing their interest to defendant in and to the property described in paragraph 5 of the bill of complaint, but alleges that it was mutually agreed between these parties that their differences regarding the settlement of the estate of said Lola Haley be settled and that in pursuance to such agreement and as part consideration thereof and as part consideration for defendant agreeing not to contest certain provisions of the said will of Lola Haley, deceased, the plaintiffs executed said quit claim deed to so settle the claims which defendant in good faith had interposed to certain portions of the estate of Lola Haley, which were claimed by plaintiffs. Defendant further alleges that in no way were the plaintiffs influenced in the execution of said deed of conveyance by any representations made by the defendant, but alleges that in truth and in fact plaintiffs were in full possession of all the facts attending the transaction.

"* * * defendant denies that the plaintiff, Elizabeth Jetter, has only since the execution of said deed been informed and advised that the said Peter S. Haley was not the legal son of Benjamin H. Haley, deceased, nor an heir at law of said deceased, but alleges that plaintiff was in full possession of all the facts regarding the legitimacy of said Peter S. Haley.

"* * * defendant denies that any statement contained in

the copy of deed attached to the bill of complaint and marked 'Exhibit B' is untrue.

"* * * defendant denies that no consideration has been paid to plaintiff, Elizabeth Jetter, for said deed by defendant, Peter S. Haley, and further alleges that said plaintiff is estopped to set up said contention.

"* * * defendant denies that said quit claim deed was executed through misrepresentation, misinformation and misunderstanding, but alleges that plaintiffs were advised of all of the facts attending the transaction, and were advised of the manner in which defendant claimed an interest in said property as the heir and son of Benjamin H. Haley, and alleges that said plaintiffs were advised at the time of the execution of said deed of the manner in which defendant claimed an interest in said property."

Testimony was taken and on final hearing the Chancellor dismissed the bill of complaint. Plaintiffs appealed.

As Peter S. Haley is shown to be not a legitimate son of Benjamin H. Haley, and as the latter had no children at his death in 1930, his widow took his entire property. Sec. 5483 (3618), 5484 (3620) C. G. L. The widow devised a part of Benjamin's property to her sister, Elizabeth Jetter, and the other part to Peter S. Haley. Elizabeth Jetter and her husband quit claimed both pieces of property to Peter S. Haley in adjusting differences between them as to their respective rights in the property of Benjamin H. Haley upon the assumption that Peter was the legitimate son of Benjamin, and to adjust payments made by them on the funeral expenses of Benjamin H. Haley's deceased widow. Under the will of Lola Haley, Peter is entitled to his devise, and Elizabeth to her devise in the will of the widow, who took the entire property of Benjamin H. Haley at his death in 1930.

236

The decree as to the validity of the quit claim deed should be predicated upon findings as to other matters in dispute between Peter S. Haley and Elizabeth Jetter, and not upon a claim that Peter is the legitimate son of Benjamin H. Haley.

Reversed for appropriate proceedings.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.